[No. G027730. Fourth Dist., Div. Three. May 9, 2001.]

GARDEN GROVE POLICE DEPARTMENT, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
JAMES CARL REIMANN, Real Party in Interest.

**COUNSEL**

Ferguson, Praet & Sherman and Bruce D. Praet for Petitioner.

No appearance for Respondent.

Law Offices of Myles L. Berman and Michael J. Fremont for Real Party in Interest.

**OPINION**

**O'LEARY, J.**—Petitioner, Garden Grove Police Department, argues the trial court abused its discretion when it ordered the police department to disclose the birth dates of three police officers to the Orange County District Attorney for the purpose of running criminal records checks. The police department contends the court should have required the defendant to comply with the *Pitchess* process (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]). We agree and order a writ of mandate to issue commanding the trial court to vacate its order releasing the officers'

birth dates and to allow defendant to file a discovery motion in accordance with Evidence Code sections 1043 and 1045.

I

James Carl Reimann was arrested and charged with causing bodily injury to another person while driving under the influence of alcohol (Veh. Code, § 23153, subds. (a) & (b)), with an enhancement for inflicting great bodily injury on another (Pen. Code, § 12022.7). During the course of discovery, Reimann asked the district attorney to run criminal records checks on the officers involved in Reimann's arrest. When the district attorney declined, Reimann filed a motion requesting the information.

The police department asked the court for the opportunity to appear and to brief the issue. The police department and the district attorney filed oppositions.

The court ordered the district attorney to run criminal records checks on the officers. Because the district attorney needed the officers' birth dates to run the criminal records checks, the court ordered the police department to disclose the birth dates to the district attorney. The court left the determination whether the evidence was material or favorable to the district attorney for later. It refused to hold an in camera hearing or allow the disclosure of the records checks to Reimann.

The court based its order on Penal Code section 1054.1[1] and the federal due process clause.[2] It stated, "This is not a *Pitchess* sort of order, obviously. There's been no allegation that the police officers did anything wrong in executing their duties in this case. So I don't view this as a *Pitchess* issue." The police department seeks a peremptory writ of mandate ordering the trial court to vacate its order requiring it to disclose the officers' birth dates to the district attorney.

---

[1] Penal Code section 1054.1 provides in pertinent part: "The prosecuting attorney shall disclose to the defendant or his or her attorney all of the following materials and information, if it is in the possession of the prosecuting attorney or if the prosecuting attorney knows it to be in the possession of the investigating agencies: [¶] . . . [¶] (d) The existence of a felony conviction of any material witness whose credibility is likely to be critical to the outcome of the trial. [¶] (e) Any exculpatory evidence."

[2] The court relied on *Brady v. State of Maryland* (1963) 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215], and its progeny.

## II

█ The police department argues the trial court should have required Reimann to comply with the *Pitchess* process because he sought confidential information from the officers' personnel files. We agree.

"In 1978, the California Legislature codified the privileges and procedures surrounding what had come to be known as '*Pitchess* motions' [citation] through the enactment of Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 [and] 1045." (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 81 [260 Cal.Rptr. 520, 776 P.2d 222], fns. omitted.) Penal Code section 832.7, subdivision (a) provides, "Peace officer personnel records . . . or information obtained from these records, are confidential and shall not be disclosed by the department or agency that employs the peace officer in any criminal or civil proceeding except by discovery pursuant to Section[] 1043 . . . of the Evidence Code."

Evidence Code sections 1043 and 1045 do not limit discovery of confidential information from police officer personnel files to altercations between police officers and arrestees. (*People v. Memro* (1985) 38 Cal.3d 658, 679 [214 Cal.Rptr. 832, 700 P.2d 446].) Motions made pursuant to Evidence Code sections 1043 and 1045 may also be used to discover information to impeach an officer's credibility. (*People v. Hustead* (1999) 74 Cal.App.4th 410, 417 [87 Cal.Rptr.2d 875].) Such was the case here: Reimann asked the district attorney to run criminal records checks on the officers and "provide information of crimes or acts of moral turpitude or misdemeanor or felonious behavior or convictions." Reimann sought "specific acts of misconduct" and "other acts done under 'color of authority' " to "impeach the credibility" of the officers.

Reimann argues the information he requested is not covered by *Pitchess* and Evidence Code sections 1043 and 1045 because he is not seeking confidential information but only the officers' birth dates from their files.[3] Not so.

Evidence Code section 1043, subdivision (a) provides, "In any case in which discovery or disclosure is sought of peace officer personnel records

---

[3]Reimann argues, "The dates of birth are not treated as confidential by the police officers themselves. They appear on driver's licenses, birth certificates, credit card and loan applications and Vons cards." He misses the point. The issue is not whether a police officer can disclose his or her own birth date; clearly, the officer can. The issue is whether the court, without complying with Evidence Code sections 1043 and 1045, can order the police department to disclose an officer's birth date to the district attorney so the district attorney can run a criminal records check on an officer.

. . . or information from those records, the party seeking the discovery or disclosure shall file a written motion with the appropriate court or administrative body upon written notice to the governmental agency which has custody and control of the records."

Penal Code section 832.8 defines " 'personnel records' " as "any file . . . containing records relating to any of the following: [¶] (a) personal data, including marital status, family members, educational and employment history, home addresses, *or similar information.* [¶] . . . [¶] (f) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy." (Italics added.)

A birth date is personal data. The Legislature's inclusion of the term "similar information" signifies its intent to include other things relating to the listed items, such as birth dates and Social Security numbers, which are not expressly listed. " '[P]ersonnel records' " include information "the disclosure of which would constitute an unwarranted invasion of personal privacy." The disclosure of birth dates and Social Security numbers could lead to an invasion of personal privacy because they could lead to other sensitive information.

In his motion, Reimann also sought other confidential information that would be found in an officer's personnel file. He requested information regarding "specific acts of misconduct" including "excessive force, false reports, dishonesty, or other bad acts." This information, as dictated by Evidence Code section 1045,[4] should be evaluated by the court, in camera, to determine its relevance. To hold otherwise would allow Reimann to discover information the Legislature clearly thought should be kept confidential without a showing of relevance.

Reimann's motion circumvented the *Pitchess* process by requesting the officers' criminal records from the district attorney and not from the police

---

[4]Evidence Code section 1045, subdivision (a), permits a party to discover confidential information from a police officer's personnel file "provided that such information is relevant to the subject matter involved in the pending litigation." Evidence Code section 1045, subdivision (b) provides in pertinent part: "In determining relevance the court shall examine the information in chambers . . . and shall exclude from disclosure: [¶] (1) Information consisting of complaints concerning conduct occurring more than five years before the event or transaction which is the subject of the litigation . . . [¶] (2) In any criminal proceeding the conclusions of any officer investigating a complaint filed pursuant to section 832.5 of the Penal Code. [¶] (3) Facts sought to be disclosed which are so remote as to make disclosure of little or no practical benefit."

department.[5] We cannot allow Reimann to make an end run on the *Pitchess* process by requesting the officers' personnel records under the guise of a Penal Code section 1054.1 and *Brady*[6] discovery motion.

Let a peremptory writ of mandate issue commanding the trial court to vacate its order releasing the officers' birth dates and to allow Reimann to file a discovery motion in accordance with Evidence Code sections 1043 and 1045.

Bedsworth, Acting P. J., and Moore, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied August 8, 2001.

---

[5]The police department stated it could have provided the same information to Reimann if he would have complied with the *Pitchess* process because they have greater access to the information than the district attorney.

[6]*Brady v. State of Maryland, supra,* 373 U.S. 83.